IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARLOS REED,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**UNITED STEEL WORKERS DISTRICT 7,**<br><br>    **Defendant.** | Case No. 3:24-CV-192-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

In December 2023, Plaintiff Carlos Reed filed a Verified Complaint in the Circuit Court of St. Clair County, Illinois, alleging that Defendant United Steelworkers District 7 violated the Illinois Human Rights Act (IHRA) when it breached its duty of fair representation as a result of race discrimination.[1] (Doc. 1-1). Reed claims Defendant failed to properly represent him concerning the grievance he filed contesting his termination from Solvay Fluorides, LLC, because he is Black or African American. (*Id.*).

Defendant timely removed the case to federal court pursuant to 28 U.S.C. § 1441(a). (Doc. 1). The Notice of Removal asserts that Reed's IHRA claim is actually a claim that Defendant breached its duty of fair representation under Section 8(b) of the National Labor Relations Act, 29 U.S.C. § 158. As such it is subject to complete preemption under

---

[1] In its Notice of Removal, Defendant states that "United Steelworkers District 7" is not a legal entity with the capacity to sue or be sued. Instead, the proper entity is the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union. Because no formal motion to substitute has been filed, at this point the Court will simply refer to "Defendant."

Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, which provides that a suit for violation of a collective bargaining agreement must be brought against a labor organization in federal court.

Now before the Court is Reed's Motion to Remand to State Court. (Doc. 15). For the reasons set forth below, the motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court accepts the following facts taken from Reed's complaint as true for purposes of Defendant's motion to remand. *See Curry v. Boeing Co.*, 542 F. Supp. 3d 804, 808 (N.D. Ill. 2021) ("The court assumes the truth of the operative complaint's allegations at the time of removal, but also may consider facts set forth in the notice of removal."); *see also* 14C Charles Alen Wright & Arthur R. Miller, Federal Practice and Procedure § 3739 (Rev. 4th ed. June 2024) ("Whether an action should be remanded to state court must be resolved by the district court with reference to the complaint, the notice of removal, and the state-court record at the time the notice of removal was filed.").

Reed was employed by Solvay Fluorides, LLC ("Solvay") in Alorton, Illinois, from June 17, 1991, until his termination on March 28, 2022. (Doc. 1-1 at ¶ 9). Defendant entered into a collective bargaining agreement ("CBA") with Solvay, and Reed was a member of the collective bargaining unit. (*Id.* at ¶¶ 11, 13). The CBA provided for a four-step grievance procedure, the last step of which was a demand for arbitration. (*Id.* at ¶¶ 15-17). Only Defendant could demand arbitration on behalf of the employee. (*Id.* at ¶ 18).

Throughout his employment, Reed filed numerous grievances concerning the terms and conditions of his employment and minor disciplinary infractions, none of

which proceeded to arbitration pursuant to the CBA. (*Id.* at ¶¶ 19-20). Pertinent to this case, Reed filed a grievance regarding his termination from Solvay for the alleged theft of scrap material and improper entry onto Solvay's property. (*Id.* at ¶ 21). Defendant processed Reed's grievance through the first three steps of the grievance process before demanding arbitration pursuant to the fourth step of the grievance process. (*Id.* at ¶¶ 21-23). Arbitration never occurred, however, because Defendant settled the grievance. (*Id.* at ¶ 25). Per the terms of the settlement agreement, Solvay would not prosecute Reed and would provide him with a neutral employment recommendation in exchange for Reed's withdrawal of the grievance. (*Id.* at ¶ 26).

Reed did not agree to the settlement or the withdrawal of his grievance—and claims he would not have agreed to these terms, as he believes his termination was wrongful and the result of racial discrimination. (*Id.* at ¶¶ 27-28). Reed alleges that Defendant did not investigate whether the removal of scrap by employees was a practice condoned by Solvay management or whether his termination was the result of racial discrimination. (*Id.* at ¶¶ 29-30). He further alleges that Defendant has a history of discriminating against Black employees at Solvay, has never taken a grievance of a Black employee at Solvay to arbitration, and has never raised Solvay's discriminatory hiring practices with Solvay. (*Id.* at ¶¶ 31-33).

The Complaint asserts one count of discrimination on the basis of race under the IHRA. Reed claims Defendant failed to properly represent him on the basis of his race, causing him loss of employment, loss of wages, loss of future employment opportunities, embarrassment, humiliation, and emotional distress. (*Id.* at ¶¶ 36-37).

Defendant timely removed the case to this District Court on January 29, 2024 (Doc. 1), and Reed subsequently filed the instant Motion to Remand (Doc. 15).

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in relevant part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004).

A plaintiff may challenge removal by filing a motion to remand the case back to state court. Remand to state court is appropriate for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal process. 28 U.S.C. §§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013). "A motion to remand must be granted if the case removed from state court could not have been brought in federal court originally for lack of subject-matter jurisdiction." *Sarauer v. Int'l Ass'n of Machinists, Dist. No. 10*, 966 F.3d 661, 668 (7th Cir. 2020) (citing 28 U.S.C. §§ 1441(a), 1447(c)).

## DISCUSSION

In his motion to remand, Reed argues this is not a duty of fair representation case, but rather a case alleging Defendant had a significant history of discriminating against African American employees at Solvay, including Reed. Moreover, he asserts that no interpretation of the CBA is required to resolve the issue raised in the Complaint, which

is whether Defendant treated him differently than non-African American employees. Thus, he argues, this case should be remanded to state court.

In response, Defendant notes that the Complaint refers repeatedly to the grievance and arbitration agreement contained in the CBA and presupposes that Reed had certain rights pursuant to the CBA's grievance and arbitration procedure. (Doc. 19). Moreover, resolution of the alleged state law race discrimination claim would require an analysis of the CBA's grievance and arbitration agreements. Because Reed's claim invokes the federal duty of fair labor representation, Defendant argues, it is subject to complete preemption under Section 301.

Federal courts have original subject matter jurisdiction over civil actions "arising under" the laws of the United States. 28 U.S.C. § 1331. Generally, whether a case arises under federal law is determined by the allegations of the plaintiff's complaint, as "[i]t is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). "Thus the defendant cannot cause a transfer to federal court simply by asserting a federal question in his responsive pleading." *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995). This is referred to as the "well-pleaded complaint rule." *Holmes v. Constr. Turnaround Servs.*, No. 16-CV-1338-JPG-DGW, 2017 WL 2812927, at *2 (S.D. Ill. June 29, 2017).

Complete preemption, however, is an exception to the well-pleaded complaint rule. *Id.* "This jurisdictional doctrine applies where Congress has 'so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is

necessarily federal in character.'" *Id.* (quoting *Taylor*, 481 U.S. at 63-64). If a claim is preempted by federal law, federal subject matter jurisdiction exists even if the complaint is entirely based on state law and does not mention a basis for federal jurisdiction. *Taylor*, 481 U.S. at 63-64.

"The Supreme Court has held that Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, preempts all state-law claims that require the interpretation of a collective bargaining agreement (CBA) or any other covered labor contract." *Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 797 (7th Cir. 2013). Complete preemption "covers not only obvious disputes over labor contracts, but also any claim masquerading as a state-law claim that nevertheless is deemed 'really' to be a claim under a labor contract." *Id.* Such cases arise directly under federal law; it makes no difference if the plaintiff's complaint is "couched in state-law terms." *Id.; see also Harris v. Cooper B-Line, Inc.*, No. CIV. 13-440-GPM, 2013 WL 3834455, at *2 (S.D. Ill. July 24, 2013).

"Closely related to claims implicating section 301, the [Supreme] Court long has implied from a labor union's status as the exclusive representative of workers in its bargaining unit, *see* 29 U.S.C. § 159(a), a concomitant duty of the union to represent its members fairly." *Nelson v. Stewart*, 422 F.3d 463, 469 (7th Cir. 2005) (citing *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). "This duty of fair representation requires the union 'to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Id.* In *Nelson*, the Seventh Circuit Court of Appeals observed that some of its "sister court of appeals have concluded that the statutory duty of fair representation has, in the context

of removal, the same preemptive force as does section 301." *Id.* at 469-70 (citing *Richardson v. United Steelworkers of America*, 864 F.2d 1162 (5th Cir. 1989)). The Seventh Circuit assumed, without deciding, that its sister circuits were correct. *Id.* at 470.

Here, the state-law claim at issue is a claim for race discrimination under the IHRA. Section 2-102(C) of the IHRA states that it is a civil rights violation for a labor organization, among other things, to "take, or fail to take, any action which affects adversely any person's status as an employee . . . on the basis of unlawful discrimination, citizenship status, or work authorization status." 775 ILCS 5/2-102(C).

The Court agrees with Defendant that Reed's state law claim is completely preempted by federal law. "Exclusive bargaining agents have a statutory duty to represent all employees in a collective bargaining unit 'without hostility or discrimination toward any,'" and claims based on this duty of fair representation are preempted by federal labor laws. *Sullers v. Int'l Union of Elevator Constructors Loc. 2*, No. 20 C 7696, 2022 WL 21303304, at *2 (N.D. Ill. Feb. 16, 2022) (citing *Nelson*, 422 F.3d at 470, and collecting cases from other circuit courts); *see also See Harris*, No. CIV. 13-440-GPM, 2013 WL 3834455, at *2 ("[A]n employee's state law claims against his union, challenging the union's alleged deficient representation of him in disputes with his employer, are preempted by the federal law duty of fair representation."); *Marrero v. Mod. Maint. Bldg. Servs., Inc.*, 318 F. Supp. 2d 721, 724–25 (E.D. Wis. 2004) (state law claim alleging conduct within scope of union's duty to serve all members without hostility or discrimination toward any is preempted by federal duty of fair representation).

Reed claims Defendant is a labor organization that, pursuant to the authority and

procedures provided by the National Labor Relations Act, is the exclusive bargaining representative for Solvay employees. Reed further asserts Defendant failed to properly represent him because he is Black, causing him loss of employment, loss of wages, loss of future employment opportunities, embarrassment, humiliation, and emotional distress. Reed's claim falls squarely within the federal duty of fair representation.

Moreover, Reed's argument that there is no need to construe the CBA to resolve his claim is unpersuasive, as the duty of fair representation "is not restrained to cases where a complaint invokes a specific agreement or alleges the breach of such agreement." *Sullers*, 2022 WL 21303304, at *3. Reed's claim that Defendant failed to represent him in the grievance process because of his race assumes the existence of the CBA and invokes Defendant's duty of fair representation. Accordingly, the Court finds that Reed's IHRA claim is preempted by the federal duty of fair representation, and Defendant properly removed the case to federal court.

## CONCLUSION

For these reasons, the Motion to Remand filed by Plaintiff Carlos Reed (Doc. 15) is **DENIED**.

Reed shall respond to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and 12(b)(7) on or before **August 26, 2024**.

**IT IS SO ORDERED.**

DATED:   July 26, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**